IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-620 |
| | ) | |
| JENNIFER CONCINO, PERSONAL | ) | |
| REPRESENTATIVE FOR THE ESTATE | ) | |
| OF LOUIS H. HENDERSON, | ) | |
| 5335 Wisconsin Ave, NW Suite 400 | ) | |
| Washington, D.C. 20015 | ) | |
| | ) | |
| U.S. PREMIER FEDERAL CREDIT UNION, | ) | |
| 6462 Little River Turnpike | ) | |
| Alexandria, VA 22312 | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| c/o Office of the Attorney General | ) | |
| 400 6th Street, NW | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to enforce federal tax liens on 749 Quebec Place Northwest, Washington D.C. 20010 ("Quebec Place Property").  In support of this action, the United States alleges as follows:

### JURISDICTION & VENUE

1.      Jurisdiction is conferred upon the district court by virtue of 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7403.

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1396 because the Quebec Place Property at issue is located within this judicial district.

## PARTIES

3.      The plaintiff is the United States of America.

4.      Defendant Jennifer Concino is the personal representative for the Estate of Louis H. Henderson ("Mr. Henderson").  Mr. Henderson is the record title holder of the Quebec Place Property.

5.      Defendant U.S. Premier Federal Credit Union may have or may claim an interest in the Quebec Place Property.

6.       Defendant District of Columbia may have or may claim an interest in the Quebec Place Property.

## REAL PROPERTY

7.      The Quebec Place Property is located at 749 Quebec Place Northwest, Washington D.C. 20010 and is more particularly described in Exhibit A.

### COUNT I – Foreclose Federal Tax Liens on the Quebec Place Property

8.      In 2010, a delegate of the Secretary of the Treasury of the United States assessed federal trust fund recovery penalties against Mr. Henderson for the periods and amounts listed below:

| Tax Type | Tax Period Ending | Date of Earliest Assessment | Amount of Earliest Assessment | Outstanding Balance[1] (as of August 19, 2019) |
|---|---|---|---|---|
| 26 U.S.C. § 6672 | 09/30/2003 | 04/15/2010 | $71,338.10 | $3,963.08 |
| 26 U.S.C. § 6672 | 12/31/2003 | 04/15/2010 | $98,655.00 | $139,319.22 |
| 26 U.S.C. § 6672 | 03/31/2004 | 04/15/2010 | $90,171.98 | $127,339.66 |
| 26 U.S.C. § 6672 | 06/30/2005 | 04/15/2010 | $73,159.41 | $103,314.73 |
| 26 U.S.C. § 6672 | 09/30/2005 | 04/15/2010 | $82,341.19 | $116,281.13 |
| 26 U.S.C. § 6672 | 03/31/2006 | 04/15/2010 | $67,099.22 | $94,756.60 |
| 26 U.S.C. § 6672 | 09/30/2006 | 04/15/2010 | $65,214.52 | $92,095.05 |
| 26 U.S.C. § 6672 | 12/31/2006 | 04/15/2010 | $63,756.00 | $90,035.37 |
| 26 U.S.C. § 6672 | 03/31/2007 | 04/15/2010 | $63,059.86 | $89,052.27 |
| 26 U.S.C. § 6672 | 06/30/2007 | 04/15/2010 | $52,752.64 | $74,496.56 |
| 26 U.S.C. § 6672 | 09/30/2007 | 04/15/2010 | $58,238.77 | $82,243.97 |
| 26 U.S.C. § 6672 | 12/31/2007 | 04/15/2010 | $16,612.22 | $23,459.58 |
| 26 U.S.C. § 6672 | 03/31/2008 | 04/15/2010 | $9,531.50 | $13,460.24 |
| 26 U.S.C. § 6672 | 06/30/2008 | 04/15/2010 | $10,594.50 | $14,961.42 |
| 26 U.S.C. § 6672 | 09/30/2008 | 04/15/2010 | $4,316.00 | $6,095.01 |
| 26 U.S.C. § 6672 | 03/31/2009 | 04/15/2010 | $3,874.52 | $5,471.55 |
| 26 U.S.C. § 6672 | 06/30/2009 | 04/15/2010 | $4,161.80 | $5,877.24 |
| **Total** | | | | **$1,082,222.68** |

9.     The United States filed a lawsuit on April 9, 2020 to reduce these assessments to judgment.  The case is captioned *United States v. Louis H. Henderson*, 1:20-cv-00943 (D.D.C.).

10.     Under 26 U.S.C. § 6321 and 6322, a federal tax lien arose on the date of the assessments and attached to all property or rights to property belonging to Mr. Henderson.

11.     In March 2018, the Internal Revenue Service filed Notices of Federal Tax lien in Washington D.C., where the Quebec Place Property is located, for Mr. Henderson's unpaid federal trust fund recovery penalties described in Paragraph 8.

12.     In March 2020, Notices of Federal Tax Liens were refiled against Mr. Henderson in Washington D.C., where the Quebec Place Property is located.  Copies of the Notices of Federal Tax Lien are attached as Exhibit B.

---

[1]  Includes statutory interest that has accrued, and which continues to accrue, on the remaining unpaid taxes.

13.     The Notices of Federal Tax Lien provided notice of the Internal Revenue Service's lien on all property and rights to property belonging to Mr. Henderson, including on the Quebec Place Property.

14.     The United States' federal tax liens should be foreclosed against the real property. The property should be sold and the proceeds of such sale be distributed to the United States to satisfy the federal tax liens in a manner consistent with the relative priorities of the parties' claims.

WHEREFORE, the plaintiff, United States of America, requests that this Court:

A.     Order, adjudge, and decree that the United States holds valid and subsisting federal tax liens on the Quebec Place Property with respect to tax assessments described in paragraph 8 above;

B.     Order, adjudge, and decree that the federal tax liens be foreclosed against the Quebec Place Property and the Quebec Place Property be sold to satisfy the outstanding tax liabilities of Mr. Henderson;

C.     Order, adjudge and decree the priority of liens and interest in the Quebec Place Property;

D.     Order, adjudge and decree that the sale of the Quebec Place Property be free and clear of any right, title, lien, claim, or interest of any of the parties herein;

E.     Order, adjudge and decree that the proceeds of the sale be distributed first to reimbursement of the costs of the sale; then to any liens or interests with priority over the federal tax liens; then to the United States of America in satisfaction of the tax lien described in paragraph 8; and then to any liens or interests with priority after the federal tax liens;

F.      Award the United States its costs and attorney's fees incurred in prosecuting this

action; and

G.      Award the United States such further relief which the Court finds to be just and

proper.

Dated: March 7, 2023                          Respectfully submitted,

                                              DAVID A. HUBBERT
                                              Deputy Assistant Attorney General
                                              Tax Division

                                              /s/ Kristina M. Portner
                                              KRISTINA M. PORTNER
                                              D.C. Bar # 1002793
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Washington, D.C. 20044
                                              Tel: 202-514-0451
                                              Fax: 202-514-6866
                                              kristina.m.portner@usdoj.gov

                                              *Counsel for the United States*